IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVIT TOPHURIA,

     Petitioner,

vs.                                                                                        No. CIV 26-0374 JB/GJF

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; and PAMELA BONDI,
U.S. Attorney General,

     Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 2, 2026 (Doc. 12)("PFRD"); and (ii) the Petitioner's Response Re Report and Recommendations, filed April 8, 2026 (Doc. 13)("Objections").[1] The PFRD notifies the parties of their ability to file objections within fourteen days and that the failure to file objections waives appellate review. See PFRD at 24. Petitioner Davit Tophuria, who is proceeding pro se, files his objections on April 8, 2026. See Objections.  The Respondents do not object to the PFRD.  Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court conducts a de novo review of the record and all parts of the Magistrate Judge's PFRD to which Tophuria properly objects.  Having thoroughly considered the PFRD and the Objections, the Court sees no reason either in the applicable law or the relevant facts to depart from the Magistrate

---

[1] The Respondents do not to respond to these Objections. See Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's [PFRD] objections within 14 days after being served with a copy" (emphasis added)).  These Objections thus are fully briefed.

Judge's PFRD. The Court therefore overrules Tophuria's Objections and adopts the PFRD. Accordingly, the Court grants in part and denies in part the Petitioner's Petition for Writ of Habeas Corpus, filed February 11, 2026 (Doc. 1)("Petition").

## LAW REGARDING OBJECTIONS TO THE PERD

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v.One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents,

-2-

Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[2]

---

[2] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz"). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of

---

Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

## ANALYSIS

Tophuria does not object to most of the PFRD.  The Court has reviewed the portions of the PFRD to which Tophuria does not object to see if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court concludes that the portions of the PFRD to which Tophuria does not object are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and adopts those portions of the PFRD.  Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court carefully conducts a de novo review of the portions of the PFRD to which Tophuria objects.  In the PFRD, the Magistrate Judge recommends that the Petition be granted as to Tophuria's claims that his detention violates the Immigration and Nationality Act ("INA") and procedural due process.  See PFRD at 23. The Magistrate Judge recommends that Tophuria's request for immediate release be denied.  See PFRD at 23.   Instead, he advises the Court to issue a writ of habeas corpus ordering that an individualized bond hearing before an

immigration judge be held within seven days. <u>See</u> PFRD at 23.  Finally, the PFRD recommends that Tophuria's request that the government bear the burden of justifying his continued detention at the bond hearing should be denied.  <u>See</u> PFRD at 23.

The Court also carefully reviews Tophuria's Objections to the PFRD.  Tophuria only objects to the PFRD's suggested remedies. Regarding the recommendation for a bond hearing, Tophuria states:

> [I] have very little hope that an immigration judge will grant me bond, for the following reasons:
>
> 1) I entered the United States without a visa.
>
> 2) I do not have immediate family members residing in the United States.
>
> 3) I am currently unable to contact my sponsor, which may lead the Court to consider me a flight risk.

Objections at 1. He asserts that he does not pose a flight risk, explaining that he voluntarily surrenders his passport to an ICE officer.  <u>See</u> Objections at 1.  He requests the Court to release him, so he can defend his immigration case in New York, work, and support his family.  See Objections at 2.  He asks that, upon his release, all of his personal documents taken by the Otero Processing Center, including his work authorization and driver's license, be returned to him.  <u>See</u> Objections at 2.  Finally, he requests that the Court cancel his final hearing on April 20, 2026. <u>See</u> Objections at 1-2.

That Tophuria believes he will not succeed in convincing an immigration judge at the bond hearing that the IJ should release him is not grounds to order his immediate release. The Court agrees that the appropriate remedy for the § 1226 violation is to afford Tophuria the procedural protection the statute provides: a bond hearing. As for Tophuria's requests for the return of his personal documents upon his release and to cancel the April 20, 2026 hearing, he does not raise those issues in his Petition, so the Court will not consider them for the first time at the objections

stage.  Moreover, the April 20, 2026 hearing date has passed, so the request is also moot. Having carefully reviewed de novo the portion of the PFRD to which Tophuria objects, and Tophuria's Objections to the PFRD, the Court agrees with the analysis and conclusions in the PFRD. Consequently, for the reasons in the PFRD, the Court adopts the PFRD in its entirety.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 2, 2026 (Doc. 12), is adopted; (ii) the Petitioner's Petition for Writ of Habeas Corpus, filed February 11, 2026 (Doc. 1), is granted in part and denied in part; (iii) the Petition is granted as to the Petitioner's claims that his detention violates the INA and procedural due process; (iv) the Court orders an individualized bond hearing before an immigration judge be held within seven days; (v) the request for immediate release is denied; and (vi) the Petitioner's request that the government bear the burden of justifying his continued detention at the bond hearing is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Davit Tophuria
Chaparral, New Mexico

        *Petitioner pro se*

Todd Blanche
  Acting United States Attorney General
Ryan Ellison
  First Assistant United States Attorney
Oliver Stephanz
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for Respondents Kristi Noem, Pamela Bondi, Todd Lyons, and Mary De Anda-Ybarra*